IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KHAYN LEROY HUDSON, | * | |
| | * | Civil Action No. 20-cv-1484-PX |
| | * | Criminal Action No. 17-cr-197-PX |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

Pending before the Court is Petitioner Khayn Leroy Hudson's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  ECF No. 36.  The issues are fully briefed, and no hearing is necessary.  *See* D. Md. Loc. R. 105.6.  For the following reasons, the motion is DENIED.

On April 5, 2017, Hudson was charged with one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841 (Count One); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Three).  ECF No. 12.  Hudson pleaded guilty to Counts One and Three on June 14, 2017.  ECF No. 20.  He was sentenced on October 27, 2017, to 51 months imprisonment.  ECF No. 32.

On June 4, 2020, Hudson moved to vacate his Section 922(g) conviction under 28 U.S.C. § 2255.  ECF No. 36.  Hudson seeks to vacate his conviction based on *United States v. Rehaif*, 139 S. Ct. 2191 (2019), and *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020).  In *Rehaif*, the Supreme Court held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew

1

he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.  Interpreting *Rehaif*, the Fourth Circuit in *Gary* held that where the Government fails to inform a defendant of its requirement to prove this *mens rea* element of the offense, the Government's error is structural and entitles a defendant to automatic vacatur of the Section 922(g) conviction.  *Gary*, 954 F.3d at 205–07.  *Rehaif* and *Gary* marked a departure from previous Fourth Circuit precedent that did not view a defendant's knowledge of his own prohibited status as an element of an offense under Section 922(g).  *See United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995).  Hudson now contends that he is entitled to vacatur of his conviction because the Government, which prosecuted this case prior to *Rehaif* and *Gary*, failed to inform him of its requirement to prove *mens rea* as to his felony status, and thus his plea was not knowing and voluntary.  ECF No. 36 at 2.

Subsequent to the filing of this motion, however, the Supreme Court reversed *Gary* in *Greer v. United States*, 141 S. Ct. 2090 (2021), concluding that *Rehaif* errors are not structural errors requiring automatic vacatur.  Rather, a defendant must satisfy the "plain-error" test and show that the Government's failure to comply with *Rehaif* affected his "substantial rights," or that there was a "reasonable probability that, but for the error, the outcome of the proceeding would have been different."  *Id.* at 2096.  This requires the defendant to make "a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know" he had been convicted of a crime punishable by greater than one year imprisonment, and that this evidence would have been sufficient to raise a reasonable probability that he would not have pleaded guilty.  *Id.* at 2100.  In this regard, the defendant "faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test" given that persons "ordinarily" know of their having sustained a felony offense.  *Id.* at 2097.

Hudson has not demonstrated he was unaware of his felony status at the time he possessed the firearm.  Thus, he has not shown a reasonable probability that he would not have entered a guilty plea had he been informed about the Government's burden to prove the knowledge element of the offense.  *See United States v. Bailey*, No. DKC-20-1372, 2022 WL 1027771, at *2 (D. Md. Apr. 6, 2022); *United States v. Watts*, No. PJM-20-1596, 2022 WL 1322658, at *3 (D. Md. May 3, 2022).  Accordingly, Hudson's Motion to Vacate is denied.

Pursuant to Rule 11(a) of the Federal Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order, *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007), and may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2).  Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Hudson does not satisfy this standard.  Accordingly, a certificate of appealability will not issue.

For the foregoing reasons, Hudson's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 is denied.[1]   A separate Order follows.

| | |
|---|---|
| 9/21/2023 | /S/ |
| Date | Paula Xinis<br>United States District Judge |

---

[1] The Court also grants the motion to withdraw filed by Hudson's counsel.  ECF No. 51.